# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Amazon.com, LLC, a Delaware Limited Liability Company;  Golden
State FC, LLC, a Delaware Limited Liability Company and DOES 1-10 -
*inclusive*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Santiago Raya on behalf of himself and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

400 McAllister Street
San Francisco, CA 94102-4515

**CASE NUMBER:**
*(Número del Caso):* **CGC-15-544803**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sahag Majarian II, Esq.,18250 Ventura Blvd., Tarzana, CA 91356; (818) 609-0807

**DATE:**
*(Fecha)* MAR 18 2015    CLERK OF THE COURT    Clerk, by    Victoria Gonzalez , Deputy
                                                   *(Secretario)*                             *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Amazon. Com, LLC, a Delaware Limited Liability Company

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
        ☒ other *(specify):* CCP 415.95 business organization form unknown

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Sahag Majarian II, Esq. SBN 146621<br>LAW OFFICES OF SAHAG MAJARIAN II<br>18250 Ventura Blvd.<br>Tarzana, CA 91356<br>TELEPHONE NO.: 818-609-0807  FAX NO.: 818-609-0892<br>ATTORNEY FOR (Name): Plaintiff Santiago Raya | **ENDORSED**<br>**F I L E D**<br>Superior Court of California<br>County of San Francisco |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Civic Center Courthouse

MAR 18 2015

CLERK OF THE COURT
VICTORIA GONZALEZ
BY_____ Deputy Clerk

CASE NAME:
Raya v. Amazon.com, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC-15-544803**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Six (6)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/16/15

Sahag Majarian II, Esq.
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



COPY

By Fax

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 1 8 2015

CLERK OF THE COURT
BY: VICTORIA GONZALEZ
Deputy Clerk

1  Sahag Majarian, II, Esq. (SBN 146621)
2  **LAW OFFICES OF SAHAG MAJARIAN II**
   18250 Ventura Blvd.
3  Tarzana, CA 91356
   Phone: (818) 609-0807
   Fax:  (818) 609-0892
4
5  Attorneys for Plaintiff SANTIAGO RAYA
   on behalf of himself and all others similarly situated.
6
7              **SUPERIOR COURT OF CALIFORNIA**
8          **FOR THE CITY AND COUNTY OF SAN FRANCISCO**
9  SANTIAGO RAYA on behalf of himself and      ) CASE NO. __**CGC-15-544803**__
10 all others similarly situated,                )
                                                 )
11                                               ) **CLASS ACTION: COMPLAINT FOR**
                                                 ) **DAMAGES AND RESTITUTION**
12                                               )
              Plaintiffs,                        )   1) **Failure to Provide Second Meal**
13                                               )      **Periods for Qualifying Shifts or**
                                                 )      **Compensation in Lieu Thereof in**
14                                               )      **Violation of Cal. Lab. Code, § 226.7;**
                                                 )      **IWC Order 5; Cal. Code Regs., Title 8**
15        v.                                     )      **§ 11050;**
                                                 )
16 AMAZON.COM, LLC, a Delaware Limited          )   2) **Failure to Authorize or Permit Third**
   Liability Company; GOLDEN STATE FC,          )      **Paid Rest Periods for Qualifying Shifts**
17 LLC, a Delaware Limited Liability Company     )      **or Compensation in Lieu Thereof  in**
   and, DOES 1 through 10, inclusive,           )      **Violation of Cal. Lab. Code, §§ 226.7,**
18                                               )      **512; IWC Order 5; Cal. Code Regs.,**
                                                 )      **Title 8 § 11050);**
19            Defendants.                        )
                                                 )   3) **Failure to Timely Pay Wages of**
20                                               )      **Terminated or Resigned Employees in**
                                                 )      **Violation of Cal. Lab. Code, §§ 201-**
21                                               )      **203;**
                                                 )
22                                               )   4) **Failure to Provide Employees with**
                                                 )      **Compliant Itemized Wage Statement**
23                                               )      **Provisions in Violation of Cal. Lab.**
                                                 )      **Code, §§ 226 (a),(e);**
24                                               )
                                                 )   5) **Violations of the Unfair Competition**
25                                               )      **Law (Bus. & Prof. Code, §§ 17200-**
                                                 )      **17208);**
26                                               )
                                                 )   6) **Violation of Private Attorneys General**
                                                        **Act (Cal. Lab. Code § 2698 et seq.)**

   **DEMAND FOR JURY TRIAL**
27
28

1    Plaintiff SANTIAGO RAYA ("Plaintiff" or "RAYA"), by and through his attorneys of record,

2    brings this action on behalf of himself and all other persons currently or formerly jointly-employed by

3    AMAZON.COM, LLC, GOLDEN STATE FC, LLC, and, DOES 1 through 10 (hereinafter

4    collectively referred to as "Defendants" or "Joint Employers"). Plaintiff hereby alleges, based on

5    information and belief, except for information based on personal knowledge, which allegations are

6    likely to have evidentiary support after further investigation and discovery, as follows:

7                                                  I.

8                                    **GENERAL ALLEGATIONS**

9          1.    This case arises from Defendants' systematically illegal policies, practices and

10   procedures in California wherein hourly non-exempt employees in Defendants' warehouse operations

11   were (1) not provided Second Unpaid 30-minute Meal Periods for qualifying shifts exceeding 10

12   hours in length nor paid one hour of compensation at the employees' regular rate in lieu thereof; (2)

13   not provided Third Paid 10-minute Rest Periods for qualifying shifts exceeding 10 hours in length nor

14   paid one hour of compensation at the employees' regular rate in lieu thereof; and (3) not provided

15   with compliant wage statements showing the start and end dates of each pay period, nor the address

16   of the employers as required by Cal. Labor Code section 226. As a result of these illegal policies and

17   practices, former or resigned hourly employees were not timely paid all wages due at the time of their

18   separation, in violation of Cal. Labor Code section 203. Further, because the actions of the Joint

19   Employers resulted in unpaid and owed wages, Defendants, and each them, owe restitution for

20   violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200, et

21   seq.

22         2.    This case is brought on behalf of certain and ascertainable California hourly or "non-

23   exempt" employees currently employed, or formerly employed, by AMAZON.COM, LLC, GOLDEN

24   STATE FC, LLC, and DOES 1 through 10, inclusive, all acting as Joint Employers of the warehouse

25   fulfillment employees throughout California. The proposed Plaintiff Class consists of all non-exempt

26   hourly employees that are either referred to as "hourly associates" at AMAZON's Fulfillment Center

27   Warehouses in California or others similarly situated, employed in California by Defendants, who,

28   during the period four years prior to filing this Complaint through the time of trial, were not provided

Second Meal Periods or Third Rest Periods for Qualify Shifts of 10 hours or more in length. Specifically, in Defendants' employee handbook issued to each employee in the State of California, entitled "Amazon Owner's Manual and Guide To Employment," Defendants set forth an illegal Meal and Rest Period policy that states as follows:

"During a standard workday, each full-time hourly associate must take an unpaid meal break. Hourly associates must also take two (2) paid ten-minute breaks, one in the first half of the shift and one in the second half of the shift, or the equivalent throughout the day if the job permits. Designated breaks may vary depending on location and business need. Please check with you manager of Human Resources Business Partner regarding your work schedule." (See, Exhibit "A" Attached hereto)

Plaintiff is informed and believes that the warehouse employees are generally covered by Industrial Welfare Commission (IWC) Wage Order 5-2001 sections 11 and 12 with regards to meal and rest periods. In pertinent part, IWC Wage Order 5-2001 section 11 (Meal Periods) provides as follows:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

(C) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

(D) Notwithstanding any other provision of this order, employees in the health care industry who work shifts in excess of eight (8) total hours in a workday may voluntarily waive their right to one of their two meal periods. In order to be valid, any such waiver must be documented in a written agreement that is voluntarily signed by both the employee and the employer. The employee may revoke the waiver at any time by providing the employer at least one day's written notice. The employee shall be fully compensated for all working time, including any on-the-job meal period, while such waiver is in effect.

- 2 -

In pertinent part, IWC Wage Order 5-2001 section 12 (Rest Periods) provides as follows:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Based on information and belief, Plaintiff alleges that Defendants' meal and rest period policy, on its face, violates IWC Wage Order 5-2001, Cal. Code Regs., Title 8, section 11050 in the following respects: (1) the policy fails to provide 30-minute meal periods before the end of the fifth hour of any qualifying shift; (2) the policy fails to "authorize or permit" ten-minute rest periods "every four (4) hours or major fraction thereof" as required by the Wage Order; (3) the rest periods, to the extent provided by Defendants' policy, is conditioned on "if the job permits"; (4) the policy on its fact fails to provide employees the right to take a Second Meal Period for qualifying shifts of 10 hours or more; and (5) the policy fails to authorize or permit a Third Paid Rest Period of ten minutes in length for qualifying shifts of 10 hours or more. Defendants' policy and practice was not to provide Second Meal Periods to California-based hourly associates when required to do so. Similarly, Defendants' policy and practice was not to authorize or permit Third Rest Periods when required to do so. Further, Defendants' policy, procedure and practice did not provide for one hour of pay at employees' regular rate of pay as compensation for failing to provide required Second Meal Periods or Third Rest Periods during qualifying shifts. Based on information and belief, Defendants' policy is ongoing and continuous, and therefore, continues to result in lost wages and damages to California-based "hourly associates." Therefore at the appropriate time, pursuant to Bus. & Prof. Code section 17204, Plaintiff may seek declaratory and/or injunctive relief as primary means to prevent employee loss of wages through Defendants' collective conduct.

3. Plaintiff SANTIAGO RAYA was an "hourly associate" employed in the State of

- 3 -

California by Joint Employer Defendants from approximately 2012 until early April 2014, when he separated from employment. RAYA was subject to the policy and procedure outlined in Exhibit "A" to this Complaint and frequently worked shifts exceeding 10 hours or more. During his tenure, his shifts frequently exceeded 12 hours. RAYA was provided with Exhibit "A" as part of his orientation by the Joint Employers and was not aware of his rights to be provided with Second Meal Periods or Third Rest Periods for qualifying shifts. Further, managing agents of Defendants as a matter of practice did not provide for Second Meal Periods or Third Rest Periods during qualifying shifts, nor was there any signed waiver for Second Meal Periods. As a result, during RAYA's tenure with the company, he and others similarly situated were never provided with Second Meal Periods or Third Rest Periods as a direct result of Joint Employer's policy not to provide such required breaks. Further, RAYA nor any other hourly associate who were eligible for Second Meal Periods or Third Rest Periods were provided an extra hour of pay at their regular rate of pay to compensate for missed Second Meal Periods or missed Third Rest Periods. Plaintiff is informed and believes that the failure to pay compensation in lieu of such breaks for qualifying shifts was also the Joint Employers' policy, and that no person in the proposed class ever received such compensation as a remedy for the Defendants' systematic failure to provide compliant Second Meal Periods and Third Rest Periods during qualifying shifts. Accordingly, Defendants, and each of them, owe back wages to each "hourly associate" employee for each qualifying shift where no compliant Second Meal Period was provided within the applicable limitations period, which Plaintiff is informed and believes is four years prior to the commencement of this action up to the date of commencement of trial or up to Defendants' cessation of the policy and practice of failing to provide Second Meal Periods, in an amount according to proof. Similarly, Defendants, and each of them, owe wages to each "hourly associate" employee for each qualifying shift where no compliant Third Rest Period was provided within the applicable limitations period, which Plaintiff is informed and believes is four years prior to the commencement of this action up to the date of commencement of trial or up to Defendants' cessation of the policy and practice of failing to authorize and permit Third Rest Periods, in an amount according to proof.

     4.     Joint Employers Defendants also uniformly and systematically violated Cal. Labor Code

section 226 as to the Defendants' itemized wage statements for all of their California employees.

California Labor Code section 226 states in pertinent part:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing… *(6) the inclusive dates of the period for which the employee is paid,… (8) the name and address of the legal entity that is the employer* …

> (e)(2)(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

>> (i) the amount of gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)…

>> (iii) the name *and address* of the employer…
> [emphasis added].

5.    Plaintiff is informed and believes that for the applicable limitations period for this action, Defendants, and each them, knowingly and intentionally violated Labor Code sections 226(a)(6) and (8) by systematically and uniformly failing to provide the inclusive start and end dates for pay periods an all of RAYA's wage statements during his employment with Defendants and by failing to list the proper name and an address for the Joint Employers. Specifically, as is shown by Exhibit "B" attached to this Complaint (true and correct copies of redacted wage statements provided by Defendants to Plaintiff), no wage statement provides the pay period start date; rather, the only data provided is the "Period Ending" date and the corresponding pay date. Further, also as shown on Exhibit B, the employer address is not shown on paystubs until April 2014; prior to that date, no address for the employer was provided on the wage statement in violation of law. Finally, Plaintiff's counsel has searched the California Secretary of State records, and the entity listed on RAYA's wage statements, "Golden State LLC," does not exist as an LLC registered to do business in the State of California. Only through additional investigation and search did Plaintiff discover that one of the Joint Employers' identities was in fact "Golden State FC, LLC," believed to be a wholly owned

1  subsidiary of AMAZON.COM LLC. Indeed it took sorting through 12 pages of generic "Golden

2  State" entities in order to locate the proper entity from the California Secretary of State records. Thus,

3  in all respects, Joint Employers Defendants violated California Labor Code section 226(a)(6) and

4  section 226(a)(8). Given that the information is required and was not, injury is presumed pursuant to

5  California Labor Code section 226(e)(2)(B)(i) [start and end date of pay period] and section

6  226(e)(2)(B)(iii) [accurate employer name and address information]. Further, Joint Employers

7  Defendants' failure to provide such information violates IWC Wage Order 5-2001, section 7(B) as

8  such data is required by the regulation to be included on wage statements.

9       6.    Plaintiff sent notice to the California Labor and Workforce Development Agency

10  ("LWDA") and to the agents for service of process for AMAZON.COM, LLC, GOLDEN STATE

11  FC, LLC, and DOES 1 through 10, inclusive, to the extent such addresses are available by the

12  California Secretary of State. The notices have been sent pursuant to the Private Attorneys General

13  Act of 2004 ("PAGA"), Cal. Labor Code section 2699.3. A true and correct copy of that notice

14  (courtesy copy of complaint omitted) is attached hereto as Exhibit "C" and is incorporated herein by

15  this reference.  As of the date of filing this Compliant, Plaintiff has not received notice of cure from

16  Defendants or notice of intervention from the LWDA within the statutorily prescribed 33-day period

17  since the mailing of the notice of the action. As a consequence, Plaintiff is authorized to bring this as

18  a "representative action" for penalties on behalf of the State of California and for restitution and back

19  wages for himself and other aggrieved employees pursuant to California Labor Code section 558 and

20  California Labor Code section 2699.3.

21       7.    By serving the PAGA notice before one year from any date of separation from the Joint

22  Employers, Plaintiff RAYA's claims under PAGA are timely and within the applicable statute of

23  limitations period.

24  **II.**

25  **JURISDICTION AND VENUE**

26       8.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil

27  Procedure section 395. AMAZON.COM, LLC, GOLDEN STATE FC, LLC, and DOES 1 through

28  10, inclusive, all conduct business and commit Labor Code violations in San Francisco County, as

- 6 -

1  well as Concord, California, and each Defendant is within the jurisdiction of this Court for service of

2  process purposes. The unlawful acts alleged have a direct effect on Plaintiff and those similarly

3  situated within the State of California and San Francisco County, and to employees in warehouse

4  fulfillment centers located in San Bernardino, Patterson City, Stockton, and Tracy, California, as

5  perhaps other locations within the state of California. Defendants jointly employ numerous Class

6  Members in San Francisco County and surrounding counties. There is no federal question at issue, as

7  the issues herein are based solely on California statutes and law, including the Labor Code, IWC

8  Wage Orders, Code of Civil Procedure, Civil Code, and Business and Professions Code.

9    9.    Further, Business and Professions Code section 17203 provides that any person who

10  engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and

11  Professions Code section 17204 provides that any person acting on his or her own behalf may bring

12  an action in a court of competent jurisdiction. Thus, the above entitled court maintains appropriate

13  jurisdiction to hear this matter.

14    10.    Based on information and belief, Plaintiff alleges that this entire action arises solely

15  under state law of the State of California and applicable regulations of the health, safety and wages of

16  the employees residing in the State of California. Plaintiff alleges, on information and belief, that no

17  federal question is raised and that the Class Action Fairness Act ("CAFA"), 28 U.S.C. section

18  1332(d) does not apply, or in the alternative, that exceptions for local case or controversy under

19  CAFA do apply and prohibits removal of the action the federal court.

20                                        **III.**

21                                  **THE PARTIES**

22  **A.    The Plaintiff**

23    11.    Plaintiff SANTIAGO RAYA is a resident of the State of California. At all relevant times

24  herein, Plaintiff RAYA was jointly employed by AMAZON.COM, GOLDEN STATE FC, LLC, and

25  DOES 1 through 10, inclusive as a shared employee subject to common and joint control. RAYA was

26  employed as an "hourly associate" from approximately 2012 to early April 2014. RAYA was at all

27  times subject to the policies and pay practices as alleged above. RAYA was never provided with

28  accurate wage statements during his employment, nor was he provided Second Meal Periods or Third

1  Rest Periods during qualifying shifts based on Defendants' uniform policy attached as Exhibit "A" to
2  this Complaint. RAYA typically worked 10-hour shifts or more during his employment and earned
3  $12.00 to $12.25 per hour as his regular rate of pay. At no time did Joint Employer Defendants ever
4  inform him or others similarly situated of their right to a Second Meal Period or Third Rest Period,
5  and based on both written policy and in actual practice, none were provided or authorized. Further,
6  RAYA, nor any member of the proposed Class he seeks to represent, were ever paid one hour of pay
7  at their regular rate of pay for each missed Second Meal Period, nor was such pay provided in lieu of
8  each missed Third Rest Period for which they were entitled. RAYA, and others similarly situated,
9  therefore are owed back wages for each missed Second Meal Period and each missed Third Rest
10 Period, in an amount according to proof, as shown by Defendants' records of qualifying shifts.

11      **B.     The Defendants**

12      12.     Defendant AMAZON.COM, LLC is a Delaware Liability Company headquartered at
13 410 Terry Avenue, North, in Seattle, Washington, 98109, and is engaged in business in San Francisco
14 County and throughout California. AMAZON.COM operates one of the most well-known online
15 marketplaces in the country. AMAZON.COM owns and operates over 50 warehouse distribution
16 centers across the United States, including, but not limited to, the States of Arizona, California,
17 Delaware, Indiana, Kansas, Kentucky, New Hampshire, New Jersey, and Nevada.

18      13.     Defendant GOLDEN STATE, FC, LLC is a Washington State-based Limited Liability
19 Company whose corporate headquarters are listed as the same address as AMAZON.COM, at 410
20 Terry Avenue, North, in Seattle, Washington, 98109, and is engaged in business in San Francisco
21 County and throughout California. Plaintiff is informed and believes that GOLDEN STATE, FC,
22 LLC is an entity primarily owned and controlled by AMAZON.COM LLC.

23      14.     AMAZON.COM obtains services of temporary employee agencies that also perform
24 identical tasks as AMAZON.COM employee in the Fulfillment Center Warehouses. These entities
25 are unknown at this time, and are DOE entities who offer AMAZON.COM jointly hired, shared and
26 controlled employees as part of a common enterprise, and subjected the same pay policies and break
27 policies as alleged above. The true names of said entities are unknown and are named at this point as
28 DOES 1-10.

15. At all times relevant herein, Defendants, and each of them, maintained joint control and were in law and in fact "Joint Employers" of Plaintiff and the proposed class and subclasses he seeks to represent. At all times relevant herein, AMAZON.COM retained and exercised the right to control the manner and means by which GOLDEN STATE FC, LLC and DOES 1-10 employees accomplished the work at AMAZON.COM locations. AMAZON.COM supervisors directed and controlled the work of DOE Defendant employees. AMAZON.COM exercised direct control over the hours and other working conditions of Plaintiff and all similarly situated hourly non-exempt employees working at all AMAZON.COM's warehouse locations in California who were paid on the payroll of DOES. Upon information and belief, employment data such as hours worked, hourly rates of pay, punch/clock systems and other benefit information is recorded in identical methods for AMAZON.COM employees like Plaintiff, as the staffing employees assigned to identical positions by DOE entities.

16. Plaintiff is informed and believes and, based thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants. The Defendants, and each of them, jointly managed, operated and controlled all aspects of the manner and means of employee work and were a joint employer under California law and liable for illicit wage and hour practices alleged herein.

## V.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to California Code of Civil Procedure section 382. Plaintiff seeks to represent a Plaintiff Class composed of and defined as follows:

**Plaintiff "Hourly Associate" Class:**

All current and former "hourly associates" employed by the Joint Employer Defendants in the State of California at any time beginning four years prior to the

filing of this Complaint to the commencement of trial in this action who were subject to Defendants' written meal and rest period policy identified and attached to the Complaint as Exhibit "A."

18. Further, Plaintiff bring this action on behalf of himself and all other similarly situated persons in Subclasses of the Plaintiff "Hourly Associate" Class composed of and defined as follows:

A. **The Second Meal Period Subclass:** All members of the proposed Plaintiff "Hourly Associate" Class who (1) worked a qualifying shift as shown by the Joint Employer Defendants' Punch Clock Records to be entitled to a Second Meal Period pursuant to IWC Wage Order 5-2001 section 11 and; (2) who were not provided with a Second unpaid 30-minute Meal Period, nor provided one hour of pay at the employees' regular rate of pay in lieu thereof;

B. **The Third Rest Period Subclass:** All members of the proposed Plaintiff "Hourly Associate" Class who (1) worked a qualifying shift as shown by the Joint Employer Defendants' Punch Clock Records to be entitled to a Third Paid Rest Period of ten minutes pursuant to IWC Wage Order 5-2001, section 12; and (2) who were not provided with a Third Paid 10-minute Rest Period, nor provided one hour of pay at the employees' regular rate of pay in lieu thereof;

C. **Waiting Time Subclass:** All members of the proposed Plaintiff "Hourly Associate" Class who, within three years of the filing of the Complaint, were not timely paid all wages due at the time of their respective separation/termination from the company, based on the Joint Employer Defendants' failure to pay one hour of compensation at the employees' regular rate of pay for each missed Second Meal Period and/or each missed Third Rest Period;

D. **Unpaid Premiums Wage Statement Subclass:** All members of the proposed Plaintiff "Hourly Associate" Class who, within the applicable limitations period prior to filing of the Complaint, were not provided accurate wage statements showing one hour of pay at the employees' regular rate of pay for each missed Second Meal Period and/or each missed Third Rest Period;

E. **UCL Subclass:** All members of the proposed Plaintiff "Hourly Associate" Class who are entitled to the restitution of unpaid wages that occurred as a result of the Joint Employer Defendants' policy of not providing Second Meal Periods and/or Third Rest Period during qualifying shifts.

19.     Plaintiff also seeks to represent a Plaintiff Class composed of and defined as follows:

**Plaintiff "Wage Statement" Class:**

All current and former employees (exempt or non-exempt) employed by the Joint Employer Defendants in the State of California within the applicable limitations period who were provided wage statements that did not provide (1) the inclusive start and end dates of the period for which the employee was paid and/or (2) the correct name and address of the employer, as determined by the Joint Employer Defendants' pay records.

20.     Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

21.     This action has been brought and may be properly maintained as a class action under the provisions of California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.      Numerosity and Ascertainability**

33.     The members of the Class are so numerous that individual joinder of all of them as Plaintiffs is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and based thereon alleges, that there are more than 1,000 Class members, who, at all relevant times, were employed in the State of California. All Class Members of either the "Hourly Associate" Class or the "Wage Statement" Class are ascertainable by review of records required to be maintained by Joint Employers under California law.

**B.      Commonality**

34.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    a.      Whether the Joint Employer Defendants are joint employers of the class members under California law;

    b.      Whether the Joint Employer Defendants' uniform meal and rest period policy as shown in Exhibit "A" attached to this Complaint violates California Labor Code section 226.7 and IWC Wage Order 5-2001, sections 11 and 12;

- 11 -

c.  Whether Joint Employer Defendants had a policy and practice that did not provide Second Meal Periods to Hourly Associates who worked qualifying shifts that were entitled to Second Meal Periods, or pay compensation in lieu thereof;

d.  Whether Joint Employer Defendants violated Labor Code sections 226.7 and 512 and IWC Wage Order 4-2001, sections 11 and 12 by failing to provide Third Rest Periods for qualifying shifts, or pay compensation in lieu thereof;

e.  Whether Joint Employer Defendants violated California Labor Code sections 226 (a)(6) and (8) by knowingly and intentionally failing to provide itemized wage statements that (1) clearly and correctly show the inclusive start and end dates of the period for which the employee was paid and/or (2) did not provide the correct name and address of the employer, as determined by Joint Employer Defendants' pay records;

f.  Whether Joint Employer Defendants violated Labor Code sections 201 and/or 202 by not paying Class Members who are no longer employed by Joint Employer Defendants all earned wages, including premium pay for missed Second Meal Periods and/or missed Third Rest Periods. And, if so, whether such violations were "willful" within the meaning of Labor Code section 203;

g.  Whether Joint Employer Defendants violated the Unfair Competition Law, Business & Professions Code section 17200, et seq., by engaging in the conduct alleged in this complaint;

h.  The effects and the extent of any injuries sustained by members of the Plaintiff Classes and Subclasses and the appropriate type and/or measure of damages;

i.  The amount of restitution owed by Joint Employer Defendants attributable to violation of the Unfair Competition Law by failure to pay proper compensation to the class members, and other wage violations;

j.  Appropriateness and nature of relief to each Plaintiff Class and Subclass member;

k.  The extent of liability of each Joint Employer Defendant, including DOE defendants, to each Plaintiff Class and Subclass member; and

- 12 -

1          I.      Whether injunctive relief is appropriate to ensure Joint Employer Defendants'

2                 compliance with the requirements of the Labor Code with respect to members of

3                 the Class who are still currently employed by Joint Employer Defendants.

4    **C.**    **Typicality**

5    35.    The claims of the named Plaintiff, SANTIAGO RAYA, are typical of the claims of the

6    proposed Classes and Subclasses. RAYA suffered the exact harm as result of uniform and systematic

7    policies of the Joint Employer Defendants. Plaintiff and all members of the Classes and Subclasses

8    sustained injuries and damages arising out of and caused by the Joint Employer Defendants' common

9    course of conduct in violation of laws, regulations that have the force and effect of law, and statutes

10    as alleged.

11    **D.**    **Adequacy of Representation**

12    36.    Plaintiff RAYA has agreed to serve as representatives of all similarly situated employees

13    to raise common claims. RAYA understands that he owes a fiduciary obligation to obtain competent

14    counsel and take actions to promote, advance and prevail on the claims being made, not just

15    individually, but for the collective group of employees as a whole. Plaintiff RAYA has been informed

16    of his duties as a proposed class representative and has agree to fairly and adequately represent and

17    protect the interests of the members of the Classes and Subclasses. Plaintiff RAYA is aggrieved in a

18    similar manner as the members of the proposed classes and subclasses, with the only variation being

19    the amount of loss and damage suffered by individual employees as a result of Defendants' common,

20    uniform and systematic practice. Counsel who represents Plaintiff are competent and experienced in

21    litigating large employment class actions.

22    **E.**    **Superiority of Class Action/Manageability**

23    37.    A class action is superior to other available means for the fair and efficient adjudication

24    of this controversy. Individual joinder of all Class Members is not practicable, and questions of law

25    and fact common to the Class predominate over questions affecting only individual Class members.

26    Each Class member has been damaged and is entitled to recovery by reason of Defendants' illegal

27    policy and/or practice of failing to pay all wages due at termination, and provide Second meal periods

28    and/or Third rest periods, or proper compensation in lieu thereof. A Class action will allow those

- 13 -

1    similarly situated to litigate their claims in the most efficient and economical manner for the parties

2    and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the

3    management of this action that would preclude its maintenance as a class action.  Further, this class

4    action is manageable because the all determinations can be made from a representative sampling or

5    review of Defendants' corporate pay records, employee records, and punch clock records to show

6    violations of law. To the extent there are any individualized inquiries, such inquiries can be

7    minimized and managed by resort to statistical analysis and representative evidence and testimony.

8                                                    **VI.**

9                                     **CAUSES OF ACTION**

10                                  **FIRST CAUSE OF ACTION**

11   **Failure to Provide Second Meal Periods for Qualifying Shifts or Compensation in Lieu Thereof
     in Violation of Cal. Lab. Code, § 226.7; IWC Order 5; Cal. Code Regs., Title 8 § 11050
     (By Plaintiff and the "Hourly Associate" Class and Subclasses as against All Defendants)**

12

13           38.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs

14   as if fully set forth herein.

15           39.     At all times relevant herein, Defendants, and each of them, maintained a written meal

16   and rest period policy in California that stated: "During a standard workday, each full-time hourly

17   associate must take an unpaid meal break. Hourly associates must also take two (2) paid ten-minute

18   breaks, one in the first half of the shift and one in the second half of the shift, or the equivalent

19   throughout the day if the job permits. Designated breaks may vary depending on location and

20   business need. Please check with you manager of Human Resources Business Partner regarding your

21   work schedule." (See, Exhibit "A" attached hereto).

22           40.     During Plaintiff's employment with Defendants, Plaintiff was only provided with the

23   above policy as related to the employers' obligations under California law for breaks. Plaintiff

24   regularly worked 10+-hour shifts four days per week. Plaintiff was unaware of any requirement or

25   entitlement to a Second Meal Period for shifts of 10 hours or more. Further, as a matter of

26   observation and experience, Plaintiff himself never took a second meal period for qualifying shifts,

27   nor did he see any "hourly associate" in his work area do so, and managing agents never advise,

28   provided or permitted a second meal period as a matter of practice. As far as RAYA and others

                                                   - 14 -

similarly situated knew and understood from Defendants' policies and work practices, only one meal period was permitted and two paid rest periods were as permitted, if the job allowed for it. For any qualifying shift, Plaintiff RAYA nor his co-workers were allowed to take a Second Meal Period, nor was he, or to his knowledge, any other "hourly associate" paid one hour of pay at his or her regular rate of pay as compensation for any missed Second Meal Period . Plaintiff RAYA did not intend to waive second meal periods for shifts of less than 12 hours, and for shifts exceeding 12 hours in length, he was still not provided with a second 30-minute unpaid meal period during his tenure of employment, up to April 2014.

41.     California law requires employers, such as Defendants, to provide Second Meal Periods for shifts of 10 hours or more. Defendants' policy does not provide for Second Meal Periods in any way shape for form for qualifying shifts. As a consequence, Defendants' policy and actual practice violate California law. Further, the fact that Defendants, and each of them, never paid one hour of compensation in lieu of missed Second Meal Periods substantiates the illegality of Defendants' uniform break policy.

42.     By failing to take any action to provide, authorize and permit statutory second meal periods for qualifying shifts, and by failing to provide compensation for these meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, IWC Wage Order No. 5-2001, section 11. Defendants' written break policy, on its face, makes no allowance for second meal periods. RAYA was unaware that many of his shifts were eligible for a Second Meal Period and managing agents certainly took no effort to correct the situation. If anything, in Plaintiff RAYA's experience, he was lucky to get any break period on any work day, and believes it was the same for his co-workers and other "hourly associates."

43.     As a result of the unlawful acts of Defendants, Plaintiff and the "Second Meal Period Subclass" he seeks to represent have been deprived of meal periods and were not paid compensation in lieu thereof. Accordingly, Plaintiff RAYA seeks premium wages and/or other compensation in amounts to be determined at trial, and entitled to recovery of such amounts, plus interest, attorney's fees, and costs as a direct and proximate result of Defendants' illegal policy and practice regarding Second Meal Periods.

44.     Plaintiffs and the Meal Period Subclass he seeks to represent requests relief as described below. The nature of the claim is amenable for class treatment as Defendants' own policies and punch clock records will show which employees worked qualifying shifts and who were subject to the written policy. Further, Defendants' corporate pay records will show for any day, if ever, an employee was paid an hour's pay for each missed Second Meal Period. Based on RAYA's experience, such pay never happened for Second Meal Periods because Defendant Joint Employers did not provide or allow such breaks.

## SECOND CAUSE OF ACTION

**Failure to Authorize or Permit Third Paid Rest Periods for Qualifying Shifts or Compensation in Lieu Thereof in Violation of Cal. Lab. Code, §§ 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050 (By Plaintiff and the "Hourly Associate" Class and Subclasses as against All Defendants)**

45.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

46.     Similar to the failure to provide any means, authorization or permission for Second Meal Periods, Defendants' policy also did not "authorize or permit" paid 10-minute Rest Periods for qualifying shifts where a Third Rest Period was required to be permitted. During Plaintiff's employment with Defendants, Plaintiff was only provided with the above policy as related to the employers' obligations under California law for breaks.  Plaintiff regularly worked 10+- hour shifts four days per week. Plaintiff was unaware of any requirement or entitlement to a Third Rest Period for shifts of 10 hours or more. Further, as a matter of observation and experience, Plaintiff himself never took a third rest period for qualifying shifts, nor did he see any "hourly associate" in his work area do so, and managing agents never advise, provided or permitted a paid rest period as a matter of practice. . As far as RAYA and others similarly situated knew and understood from Defendants' policies and work practices, only two paid rest periods of ten minutes in length were permitted and even those were only permitted if the job allowed for it. For any qualifying shift, Plaintiff RAYA nor his co-workers actually took a third rest period, nor was he, or to his knowledge, any other "hourly associate" paid one hour of pay at his or her regular rate of pay as compensation for any missed Third Rest Period. Plaintiff RAYA did not intend to waive any rest periods during his tenure of

- 16 -

1    employment.

2        47.      In pertinent part, IWC Wage Order 5-2001 section 12 (Rest Periods) provides as

3    follows:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

12        48.      Here, Defendants' policy does not authorize or permit any rest period beyond two

13    periods, and even then, if working conditions permit. On its face, Defendants' policy does not

14    authorize or permit a Third Rest Period for qualifying shifts.

15        49.      As a result of the unlawful acts of Defendants, Plaintiff and the Rest Period Subclass he

16    seeks to represent have been deprived of rest periods, premium wages and/or other compensation in

17    amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest,

18    attorney's fees, and costs.

19        50.      Plaintiff and the Rest Period Subclass request relief as described below.

### THIRD CAUSE OF ACTION

**Failure to Timely Pay Wages of Terminated or Resigned Employees in Violation of Cal. Lab. Code, §§ 201-203**
**(By Plaintiff and the "Hourly Associate" Class and Subclasses as against All Defendants)**

23        51.      Plaintiff re-alleges and incorporate by this reference each of the foregoing paragraphs as

24    if fully set forth herein.

25        52.      California Labor Code section 203 provides that if an employer willfully fails to timely

26    pay wages, the employer must continue to pay the subject employee's wages until the back wages are

27    paid in full or an action is commenced, up to a maximum of thirty days of wages.

28        53.      All Waiting Time Claim Subclass members who ceased employment with Defendants

1    are entitled to unpaid compensation, but to date have not received such compensation.

2    54.    More than thirty days have passed since Plaintiff and members of the Waiting Time

3    Subclass left Defendants' employment.

4    55.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants

5    purposefully engaged in a common scheme and design to deprive employees of their full wages and

6    benefits under California law by failing to pay compensation at the employees' regular rate of pay for

7    each missed Second Meal Period and for each missed Third Rest Period as compensation in lieu of

8    providing such break periods under their uniform policy. These premiums are considered "wages"

9    under California law and were due, owing and payable to Plaintiff and the other members of the

10    Waiting Time Subclass, all of whom have ceased their employment relationship with Defendants

11    within the last three years prior to the commencement of this action.

12    56.    Plaintiff is informed and believes that Defendants' conduct was willful as it stemmed

13    directly from a policy that facially violated California law and did not provide either the require

14    Second Meal Period and/or Third Rest Period, nor did Defendants ever pay premium compensation of

15    one hour's wage to employees who had qualifying shifts and who were not provided breaks for which

16    they were legally entitled. Defendants, and each of them, are huge sophisticated organizations, and

17    their pattern, practices and policies were knowingly implemented such that no reasonable person

18    could find that their actions and/or omissions were not "willful" as that term is defined under

19    California case authority and Department of Labor Standards Enforcement ("DLSE") guidelines and

20    opinions. Defendants could have remedied the situation by automatically paying for one hour of

21    wages for each employee's missed Second Meals and/or each employee's missed Third Rest Periods

22    in lieu of providing the same, but chose not to do so.

23    57.    As a consequence of Defendants' willful conduct in not paying compensation for all

24    hours worked, the "Hourly Associate" Class Members whose employment ended during the class

25    period are entitled to thirty days' wages under Labor Code section 203, together with interest thereon

26    and attorney's fees and costs. Plaintiff is informed and believes that damage calculations can be

27    provided in the aggregate for the Waiting Time Subclass based solely on Defendants' corporate

28    employment records and pay rates.

## FOURTH CAUSE OF ACTION

**Failure to Provide Employees with Compliant Itemized Wage Statement Provisions in Violation of Cal. Lab. Code, §§ 226 (a) & (e)**
**(By Plaintiff and the "Wage Statement" Class as against All Defendants)**

58. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

59. Every California-based employee, hourly or exempt, of Defendants, during the applicable limitations period, was entitled to a fully compliant accurate itemized wage statement for each work period as required by California Labor Code section 226. Defendants also uniformly and systematically violated Cal. Labor Code section 226 as to the Defendants' itemized wage statements for all of their California employees.

60. California Labor Code section 226 states in pertinent part:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing... *(6) the inclusive dates of the period for which the employee is paid,... (8) the name and address of the legal entity that is the employer* ...

> (e)(2)(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

>> (i) the amount of gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)...

>> (iii) the name *and address* of the employer...
> [emphasis added].

61. Plaintiff is informed and believes that for the applicable limitations period for this action, Defendants, and each them, knowingly and intentionally violated Labor Code sections 226(a)(6) and (8) by systematically and uniformly failing to provide the inclusive start and end dates for pay periods on all of RAYA's wage statements during his employment with Defendants, and by failing to list the proper name and an address for the Joint Employers. Specifically, as is shown by

- 19 -

1  Exhibit "B" attached to this Complaint (true and correct copies of redacted wage statements provided

2  by Defendants to Plaintiff), no wage statement provides the pay period start date; rather, the only data

3  provided is the "Period Ending" date and the corresponding pay date. Further, also as shown on

4  Exhibit "B," the employer address is not shown on paystubs until April 2014; prior to that date, no

5  address was provided for the employer on the wage statement in violation of law. Finally, Plaintiff's

6  counsel has searched the California Secretary of State records, and the entity listed on RAYA's wage

7  statements, "Golden State LLC," does not exist as an LLC registered to do business in the State of

8  California. Only through additional investigation and search did Plaintiff discover that one of the

9  Joint Employers' identities was in fact "Golden State FC, LLC" believed to be a wholly owned

10  subsidiary of AMAZON.COM LLC. Indeed it took sorting through 12 pages of generic "Golden

11  State" entities in order to locate the proper entity from the California Secretary of State records. Thus,

12  in all respects, Joint Employer Defendants violated California Labor Code section 226(a)(6) and

13  section 226(a)(8). Given that the information is required and was not, injury is presumed pursuant to

14  California Labor Code section 226(e)(2)(B)(i) [start and end date of pay period] and section

15  226(e)(2)(B)(iii) [accurate employer name and address information]. Further, Joint Employer

16  Defendants' failure to provide such information violates IWC Wage Order 5-2001, section 7(B) as

17  such data is required by the regulation to be included on wage statements.

18      62.      Defendants knowingly and intentionally failed to provide timely, accurate, itemized

19  wage statements including, inter alia, hours worked, to Plaintiff and Wage Statement Class and

20  subclass members in accordance with Labor Code section 226(a) and applicable IWC Wage Orders.

21  Such failure is shown on its face in the attached Exhibits to this Complaint provided by Plaintiff

22  RAYA. Each violation is presumed to have caused injury to Plaintiff and Wage Statement Class and

23  subclass members, by, among other things, impeding them from knowing the amount of wages to

24  which they are and were lawfully entitled, failing to specify the start and end date for work periods

25  covered by the payroll and failing to supply correct and reliable information as to the employing

26  entity and the employer's address. At all times relevant herein, Defendants have failed to maintain

27  appropriate records as required under Labor Code section 1174, and IWC Wage Order 5-2001,

28  section 7.

63.     Plaintiff and the Wage Statement Class and subclass members are entitled to seek injunctive relief requiring Defendants to comply with Labor Code sections 226(a) and 1174(d), and further seek the amount provided under Labor Code sections 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, up to a maximum of $4,000.00 per employee during the applicable limitations period. Plaintiff is informed and believes that such violations and damages require only an examination of records.

## FIFTH CAUSE OF ACTION

### Violation of the Unfair Competition Law
### (On Behalf of each Class Member and Subclass Member)

64.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

65.     The actions of Defendants described above constitute false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code sections 17200, et seq. Defendants have violated multiple provisions of California law and applicable regulations and Orders of the IWC that have the same force and effect of a violation of law. This includes, without limitation California Labor Code sections 201-203, 226, 226.7, and 512 which serve as statutory predicates for which restitution is owed by Defendants, as well as Wage Order 5-2001, sections 7, 11 and 12, and applicable regulations of the California Code of Regulations that relate to record keeping, break policies, and failure to pay timely wages.

66.     Named Plaintiff is entitled to restitution and other equitable relief against such unlawful practices in order to prevent future damage to the classes and subclasses he seeks to represent and to prevent harm to current employees, as well as an unfair benefit to Defendants over law-abiding competitors. The UCL is an appropriate mechanism to cause Defendants to cease and desist their illegal practices and policies, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

67.     As a result of these unlawful acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and the proposed Classes and the proposed

- 21 -

1    Subclasses he seeks to represent. Defendants should make restitution for these ill-gotten gains to

2    restore to Plaintiff and the members of the UCL Subclass for wrongfully depriving breaks and not

3    providing premium pay in lieu thereof pursuant to Business and Professions Code section 17203 and

4    specific performance of payment of penalties ordered under Business and Professions Code section

5    17202.

6            68.    Plaintiff is informed and believes, and based thereon alleges, that Defendants are

7    unjustly enriched through the acts described above and that he and the proposed Classes and

8    Subclasses have and continue to suffer irreparable prejudice by Defendants' unfair practices. Further,

9    by engaging in such activities, Defendants are illegally operating at an advantage to other law abiding

10   employers in the State of California and underpaying payroll and other applicable taxes that are

11   collected by the State and local governmental entities in California. Plaintiff is informed and believes

12   that other competitors in the market place meet or exceed legal requirements for the acts alleged

13   above.

14           69.    The illegal conduct alleged herein is continuing, and there is no indication that

15   Defendants will not continue such activity into the future. Plaintiff alleges that Defendants will

16   continue to fail to provide proper wage statements and continue to violate law with an unlawful break

17   policy applied to their California employees.

18
                                    **FIFTH CAUSE OF ACTION**
19
                     **Violation of PAGA, Cal. Labor Code, § 2698, et seq.**
20           **(As a Representative Action by the State of California as Against each Defendant)**

21           70.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs

22   as if fully set forth herein

23           71.    Plaintiff, by virtue of his employment with Defendants, and the Defendants' failure to

24   pay all compensable wages for time worked, is an aggrieved employee with standing to bring an

25   action under the Private Attorneys General Act ("PAGA"). Plaintiff has satisfied all prerequisites to

26   serve as representative of the general public to enforce California's labor laws, including, without

27   limitation, the penalty provisions identified in Labor Code section 2699.5. (Exhibit "C" attached

28   hereto). Because the LWDA did not intervene and Defendants have made no offer to cure, Plaintiff,

1  as a representative of the people of the State of California, will seek any and all penalties otherwise

2  capable of being collected by the Labor Commission and/or the Department of Labor Standards

3  Enforcement ("DLSE"). This includes each of the following, as set forth in Labor Code section

4  2699.5, which provides that Section 2699.3(a) applies to any alleged violation of the following

5  provisions: Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1,

6  204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222,

7  222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2,

8  230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5,

9  Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7,

10  435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852,

11  921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions

12  (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of

13  Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297,

14  1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695,

15  subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5,

16  1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and

17  (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5,

18  Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673,

19  subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision

20  (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

21      72.     As a representative action, Plaintiff seeks (1) authorized penalties in the amounts stated

22  by statute as if Plaintiff were the LWDA or DLSE in any enforcement action and (2) seeks restitution

23  of any unpaid wages, to the extent permissible by Labor Code section 558. Plaintiff limits this action

24  to the factual predicate alleged in the foregoing paragraphs, unless amended according to proof of

25  other violations of law and/or applicable regulations.

26      73.     Plaintiff, as a personal representative of the general public, will and does seek to

27  recover any and all penalties for each and every violation shown to exist or to have occurred during

28  the one-year period before Plaintiff served Notice to the LWDA of his intent to bring this action, in

- 23 -

1  an amount according to proof, as to those penalties that are otherwise only available to public agency

2  enforcement actions. Funds recovered will be distributed in accordance with PAGA, with at least

3  75% of the penalties recovered being reimbursed to the State of California and the Labor and the

4  LWDA. If the penalty is fixed and ascertainable by statute, then Plaintiff will seek that penalty in

5  accordance with law. At this time, fixed penalties sought by this action arise from Defendants'

6  conduct and may be assessed for each violation pursuant to California Labor Code section 210

7  (waiting time penalty), Labor Code section 226.3 (wage statements) and Labor Code section 1198

8  (wage order violations).

9      74.    To the extent that no Labor Code provision specifically sets forth a fixed penalty for

10  violation in an applicable statute, then the penalty to be recovered will be governed by Labor Code

11  section 2699.3, in an amount according to proof and approved by the Court.

12      75.    Further, to the extent Defendants' conduct resulted in the underpayment of wages to

13  Plaintiff and other aggrieved employees in the state of California, Plaintiff, as a representative of the

14  State of California, will seek all unpaid wages within the applicable limitations period pursuant to

15  Labor Code section 558, in an amount according to proof.

16      76.    As permitted by the PAGA, Plaintiff will seek an award of reasonable attorneys for any

17  recovery under the Act.

18  **VI.**

19  **PRAYER FOR RELIEF**

20      WHEREFORE, Plaintiff, on behalf of himself individually and all members of the proposed

21  Plaintiff Class and Subclasses he seeks to represent, prays for relief as follows:

22      A.    Certification of this action as a class action on behalf of the proposed Classes;

23      B.    For an order certifying that the action be maintained as a class action pursuant to Code

24  of Civil Procedure section 382 on behalf of two classes employed by Defendants in the State of

25  California within the last four and that notice of the pendency of this action be provided to members

26  of the Classes;

27      C.    Designation of the Named Plaintiff as Class Representative and Plaintiff's attorneys as

28  Counsel for the Classes;

- 24 -

D.     A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

E.     If appropriate, injunctive relief, as permitted by California's Unfair Competition Law, Business & Professions Code section 17203, et seq.

F.     All appropriate state statutory penalties under Labor Code sections 203 and 226;

G.     All appropriate meal period premiums for failure to provide Second Meal Periods for qualifying shifts as required by Labor Code section 226.7 and applicable IWC Wage Orders;

H.     All appropriate rest period premiums for failure to provide Third Rest Periods for qualifying shifts as required by Labor Code section 226.7 and applicable IWC Wage Orders;

I.     An award of compensatory and liquidated damages pursuant to Labor Code section 1194.2, and restitution to be paid by Defendants according to proof;

J.     Pre-Judgment and Post-Judgment interest, as provided by law;

K.     Such other equitable relief as the Court may deem just and proper; and

L.     Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Code of Civil Procedure sections 1021.5, and other applicable state laws.

M.     For an order that Defendants make restitution to Plaintiff and the  Classes due to their unlawful business practices, including unlawfully-collected compensation pursuant to California Business and Professions Code sections 17203 and 17204;

N.     For any award of penalties, as permitted pursuant to PAGA, Labor Code sections 2698, et seq., as to violations for which there is no fixed penalty, in an amount according to proof, and divided in the manner between Plaintiff and the State of California as required pursuant to Labor Code section 2699.3, subject to court approval.

O.     For an award of penalties under the PAGA, but as fixed and shown by statute, including Labor Code section 210 (waiting time penalty), Labor Code section 226.3 (wage statement penalty) and Labor Code section 1198 (wage order violations penalty) per violation to each aggrieved employee, in an amount according to proof.

P.     For an award of reasonable attorney's fees to counsel for the representative Plaintiff, as authorized by Labor Code section 2699.3;

- 25 -

1  Q. Such other legal equitable relief as this Court deems necessary, just, equitable and

2  proper.

3  **LAW OFFICES OF SAHAG MAJARIAN II**

4

5  Dated: March 17, 2015    By:_____

6  Sahag Majarian II, Esq.

7  Counsel for Plaintiff SANTIAGO RAYA

8  **DEMAND FOR JURY TRIAL**

9  Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

10

11  **LAW OFFICES OF SAHAG MAJARIAN II**

12

13  Dated: March 17, 2015    By:_____

14  Sahag Majarian II, Esq.

15  Counsel for Plaintiff SANTIAGO RAYA

16

17

18

19

20

21

22

23

24

25

26

27

28

- 26 -

Ex. A

Stock # EXA-5-B

# amazon®

# Owner's Manual
## And Guide to Employment

- Regular full-time: Regular (non-temporary) associate who is regularly expected to work at least 40 hours per week.
- Regular part-time 30+ hours: Regular (non-temporary) associate who is regularly expected to work at least 30, but less than 40, hours per week.
- Regular part-time 20+ hours: Regular (non-temporary) associate who is regularly expected to work at least 20, but less than 30, hours per week.
- Flex associate: Regular (non-temporary) associate who is not regularly expected to work 20 or more hours per week, such as an on-call associate.
- Short-term associate: Hired for employment that is expected to last no more than six months, such as an intern or seasonal associate.

The above employment types only apply to Amazon.com associates. Outsourced workers such as temporary agency employees placed on assignment at the company, independent contractors, or consultants are not considered Amazon.com associates.

Associates are also classified as exempt or non-exempt. Non-exempt associates are eligible for overtime pay and are ordinarily paid by the hour and, and exempt associates are not eligible under federal and state laws for overtime pay and are ordinarily paid a salary.

Eligibility for stock-based awards and benefits is based on employment type (such as regular full-time or regular part-time, etc.). Changes to an associate's employment type must be approved the associate's manager and Human Resources.

## Working Hours

Managers are responsible to establish work schedules that accommodate operational priorities, and each associate should be flexible in meeting these priorities. Work schedules for hourly associates may vary from site to site and week by week. This flexibility is critical to Amazon.com's success as a company. The intense nature of our business and the demands of an e-commerce environment require that associates make a serious commitment of time and energy to Amazon.com. Salaried associates should clearly understand that they may frequently work extended hours to help the company succeed. Hourly associates may also be required to work varying amounts of overtime, as Amazon.com's needs require.

Most positions at the company require associates to work full-time. The company recognizes that situations may occur where associates may need to temporarily alter their work schedules in order to better accommodate difficult or demanding periods of their lives, while still meeting the demands of their job. Additionally, associates may sometimes require an alternative work arrangement when medically necessary while recovering from an illness or injury. Towards these ends, Amazon.com will consider requests for an alternative work arrangement. For further information, please see the Alternative Work Arrangement Policy in this Manual.

During a standard workday, each full-time hourly associate must take an unpaid meal break. Hourly associates must also take two (2) paid ten-minute breaks, one in the first half of the shift and one in the second half of the shift, or the equivalent throughout the day if the job permits. Designated breaks may vary depending on location and business need. Please check with your manager or Human Resources Business Partner regarding your work schedule.

REDACTED

## Attendance and Punctuality

Regular attendance and punctuality are important parts of your obligations as an Amazon.com associate. You are to work the hours scheduled by your manager. If you are going to be absent or late to work, we expect to hear from you before the start of your workday. Please be aware that unsatisfactory attendance may be a basis for disciplinary action, up to and including dismissal.

Individual sites or departments may establish specific guidelines for attendance and punctuality, based on the needs of the business. If your site or department has specific guidelines, your manager or Human Resources will review them with you, and it is expected that you will abide by them throughout your employment in that department.

In the event that we have not heard from you for three (3) consecutive workdays, you will be considered to have resigned from your employment.

## Corrective Action



GOLDEN STATE LLC

# Earnings Statement

| | |
|---|---|
| Period Ending: | 12/28/2013 |
| Pay Date: | 01/03/2014 |

**SANTIAGO RAYA**

REDACTED

Taxable Marital Status:  Single
Exemptions/Allowances:
Federal:  00
State:  00

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 12.0000 | 50.28 | 603.36 | |
| Overtime | | 9.93 | 178.74 | |
| Holiday | | 8.00 | 96.00 | |
| Personal Time | | 2.08 | 24.96 | |
| Double Time | | 3.05 | 73.20 | |
| Guaranteed Pay | | 1.60 | 19.20 | |
| Retro Shift Pay | | | 63.49 | |
| Shift Pay | | | 30.98 | |
| Shift Pay O/T @ | | | 7.45 | |
| Shift Pay D/T @ | | | 3.05 | |
| **Gross Pay** | | $ | 1,100.43 | 6,649.61 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Withholding Tax | 127.77- | 678.29- |
| | Social Security Tax | 65.39- | 389.43- |
| | Medicare Tax | 15.29- | 91.08- |
| | SDI Tax | 10.55- | 62.81- |
| | CA Withholding Tax | 21.38- | 98.81- |
| | **Other** | | |
| | *Pre-Tax Dental | 2.31- | |
| | *Pre-Tax Medical | 43.38- | |
| | Checking Dep | 814.36- | |
| | **Net Pay** | $ | 0.00 |

* This deduction reduces taxable gross.

| Important Notes | | |
|---|---|---|
| **Other Benefits and** | | |
| **Information** | this period | year to date |
| Vacation | | 13.55 |
| Personal Time | | 0.07 |

GOLDEN STATE LLC

| | | |
|---|---|---|
| **Payroll check number:** | 0000010835 | |
| Period Ending: | 12/28/2013 | |
| Pay Date: | 01/03/2014 | |
| Employee ID: | 817889 | |

Pay to the
order of   **SANTIAGO RAYA**

| This Amount: | **NO AND 00/100 DOLLARS** | | **$0.00** |
|---|---|---|---|

# NON-NEGOTIABLE
### (THIS IS NOT A CHECK)

GOLDEN STATE LLC

# Earnings Statement

Period Ending: 02/08/2014
Pay Date: 02/14/2014

**SANTIAGO RAYA**

REDACTED

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 00
State: 00



| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 12.2500 | 59.48 | 728.63 | |
| Overtime | | 2.00 | 36.75 | |
| Personal Time | | 6.72 | 82.32 | |
| Vacation | | 6.00 | 73.50 | |
| Double Time | | 0.30 | 7.35 | |
| Shift Pay | | | 36.10 | |
| Shift Pay O/T @ | | | 1.50 | |
| Shift Pay D/T @ | | | 0.30 | |
| **Gross Pay** | $ | | 966.45 | 6,649.61 |

| Important Notes |
|---|
| Other Benefits and |

| Information | this period | year to date |
|---|---|---|
| GTL | 0.03 | |
| Vacation | 12.20 | |
| Personal Time | 3.82 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Withholding Tax | 107.68- | 678.29- |
| | Social Security Tax | 57.09- | 389.43- |
| | Medicare Tax | 13.35- | 91.08- |
| | SDI Tax | 9.20- | 62.81- |
| | CA Withholding Tax | 15.48- | 88.81- |
| | **Other** | | |
| | *Pre-Tax Dental | 2.31- | |
| | *Pre-Tax Medical | 43.38- | |
| | Checking Dep | 717.96- | |
| | **Net Pay** | $ | 0.00 |

* This deduction reduces taxable gross

GOLDEN STATE LLC

| Payroll check number: | 0000074792 |
|---|---|
| Period Ending: | 02/08/2014 |
| Pay Date: | 02/14/2014 |
| Employee ID: | 817889 |

Pay to the
order of  **SANTIAGO RAYA**

| This Amount: | **NO AND 00/100 DOLLARS** | | **$0.00** |
|---|---|---|---|

# NON-NEGOTIABLE
### (THIS IS NOT A CHECK)

APRr11-2014 13:31 FROM:  18186090892 P.3/6

**GOLDEN STATE LLC**
P.O. BOX 80726
SEATTLE, WA 98108

## Earnings Statement ADP

| | |
|---|---|
| Period Ending: | 04/04/2014 |
| Pay Date: | 04/02/2014 |

REDACTED

**SANTIAGO RAYA**

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | | ±0.00 | 490.00 | 4,662.11 |
| Shift Pay @ | 0.5000 | ±0.00 | 20.90 | 231.02 |
| Overtime | | | | 509.49 |
| Double Time | | | | 89.86 |
| Gift Gross Up | | | | 44.54 |
| Holiday | | | | 192.00 |
| Personal | | | | 450.11 |
| Retro Shift Pay | | | | 63.49 |
| Shft Pay D/T@ | | | | 3.73 |
| Shft Pay O/T@ | | | | 20.95 |
| Vac Cashout | | | | 219.89 |
| Vacation | | | | 73.50 |
| Variable Comp | | | | 54.28 |
| | | | | 6,646.42 |

Your federal taxable wages this period are $510.00

**Other Benefits and Information** | this period | total to date |
|---|---|---|
| Groupterm Life | | 0.12 |

**Important Notes**
@ THE SHIFT PAY RATE MAY NOT DISPLAY CONSISTENTLY
DUE TO CALCULATION METHOD AND ROUNDING.

ACCRUAL BALANCES DISPLAYED MAY VARY SLIGHTLY
FROM ACTUAL. PLEASE VIEW MYTIME FOR EXACT
INFORMATION

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -48.08 | 676.29 |
| | Social Security Tax | -31.82 | 389.42 |
| | Medicare Tax | -7.39 | 91.07 |
| | CA State Income Tax | -4.70 | 88.81 |
| | CA SUI/SDI Tax | -5.10 | 62.61 |
| | **Other** | | |
| | Check Card | -415.13 | 689.70 |
| | Gift Cert | | 25.00 |
| | Pre-Tax Dental | | 18.48 |
| | Pre-Tax Medical | | 347.04 |

**GOLDEN STATE LLC**
P.O. BOX 80726
SEATTLE , WA 98108

| | |
|---|---|
| Advice number: | 00000144032 |
| Pay date: | 04/02/2014 |

Deposited to the account of
SANTIAGO RAYA

| account number | transit ABA | amount |
|---|---|---|

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

APR-11-2014 13:30 FROM:   18186090892 P.2/6

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|-----|------|-------|-------|-----------|---|
| VU8r | 15438 | 182008 | 882 | 000014031 | 1 |

036-0002

**GOLDEN STATE LLC**
P.O. BOX 80726
SEATTLE, WA 98108

**Earnings Statement**

**ADP**

Period Ending: 04/04/2014
Pay Date: 04/02/2014

Taxable Marital Status: Single
Exemptions/Allowances
Federal: 0
CA: 0

SANTIAGO RAYA         REDACTED

Social Security Number: [REDACTED]

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | | 4.38 | 53.66 | 4,172.11 |
| Personal | | 6.89 | 84.40 | 450.11 |
| Shift Pay @ | 0.5000 | 29.22 | 14.61 | 211.02 |
| Vac Cashout | | 17.95 | 219.89 | 219.89 |
| Overtime | | | | 509.49 |
| Double Time | | | | 89.86 |
| Gift Gross Up | | | | 44.54 |
| Holiday | | | | 192.00 |
| Retro Shift Pay | | | | 63.49 |
| Shft Pay D/T@ | | | | 3.73 |
| Shft Pay O/T@ | | | | 20.95 |
| Vacation | | | | 73.50 |
| Variable Comp | | | | 54.28 |
| | | | | 6,136.42 |

| Deductions | Statutory | | | |
|------------|-----------|---|---|---|
| | Federal Income Tax | -24.03 | | 632.23 |
| | Social Security Tax | -20.26 | | 357.80 |
| | Medicare Tax | -4.74 | | 83.68 |
| | CA SUI/SDI Tax | -3.27 | | 57.71 |
| | CA State Income Tax | | | 84.11 |
| | **Other** | | | |
| | Check Card | -274.57 | | 274.57 |
| | Pre-Tax Dental | -2.31* | | 18.48 |
| | Pre-Tax Medical | -43.38* | | 347.04 |
| | Gift Cert | | | 25.00 |

[REDACTED]                                          $0.00

* Excluded from federal taxable wages
  Your federal taxable wages this period are $326.87

**Other Benefits and**
**Information**       this period    total to date
Groupterm Life            0.02              0.12

**Important Notes**
@ THE SHIFT PAY RATE MAY NOT DISPLAY CONSISTENTLY
DUE TO CALCULATION METHOD AND ROUNDING.

ACCRUAL BALANCES DISPLAYED MAY VARY SLIGHTLY
FROM ACTUAL. PLEASE VIEW MYTIME FOR EXACT
INFORMATION

© 2000 ADP, Inc.

**GOLDEN STATE LLC**
P.O. BOX 80726
SEATTLE, WA 98108

Advice number:    00000144031
Pay date:         04/02/2014

Deposited to the account of
SANTIAGO RAYA

account number    transit ABA    amount

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

Ex. C

```
LAW OFFICES OF
```

# SAHAG MAJARIAN II

18250 VENTURA BOULEVARD
TARZANA, CALIFORNIA 91356
Tel: (818) 609-0807 • Fax: (818) 609-0892

February 5, 2015

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
## *LABOR CODE* SECTION 2699.3

To:      The California Labor and Workforce Development Agency (LWDA) and
         California Agents for Service of Process for AMAZON.COM, LLC, a
         Delaware Limited Liability Company, and GOLDEN STATE FC, LLC, a
         Delaware Limited Liability Company.

From:    SANTIAGO RAYA on behalf of himself and all similarly situated aggrieved
         employees in the State of California, as an individual and as a proposed
         Representative of the State of California

**Factual Statement:**

This notice arises from the collective and joint conduct of AMAZON.COM, LLC and GOLDEN STATE FC, LLC (hereinafter referred to as "Joint Employers") for the implementation of a systematic break policy that is non-compliant with California Labor Code §226.7 and violates Industrial Welfare Commission (IWC) Wage Order -2001, §§11-12 [Cal. Code Regs., Title 8 § 11050], as it relates to second meal periods and third rest periods for qualifying shifts of work. Further, Joint Employers also violated California Labor Code §226(a) & (e), by failing to provide accurate pay period start and end dates on wage statements, and by failing to fully list the name and address of the employer on wage statements to employees in California.

Our office represents Santiago Raya, Employee ID No. 817889, a former employee of the listed Joint Employers who separated from employment on or about April 2, 2014, in connection with a proposed class action lawsuit against Joint Employers AMAZON.COM, LLC, and GOLDEN STATE FC, LLC seeking compensation for (1)Violation of Cal. Labor Code §226.7, Labor Code §512 and IWC Wage Order -2001, §§11-12 [Cal. Code Regs., Title 8 § 11050]; (2) Failure to Provide Accurate Itemized Wage Statements in Violation of Cal. Labor Code § 226(e); (3) Violation of Cal. Labor Code §203 for Failure to Timely pay Terminated employees all wages due; and (4) Unfair and Deceptive Business Practices in violation of Cal. Business & Professions Code § 17200, et seq.

The basis of the proposed Class Action Complaint and representative action involves a systematic and facially illegal meal and rest break policy that fails to provide, authorize or permit

Second Meal Periods and Third Rest Periods for Qualifying Shifts of ten hours or more in length. Further, Joint Employer's wage statements facially fail to comply with Cal. Labor Code §226. A draft copy of the Complaint is attached hereto for your reference and expressly incorporated into this letter. The specific factual allegations outlining the claim are generally contained in Paragraphs 1-8, for your reference.

**Legal Basis for Penalty Claims**

Claimant RAYA contends that Joint Employers' employee handbook issued to each employee in the State of California entitled "Amazon Owner's Manual and Guide To Employment" Defendants set forth an illegal Meal and Rest Period policy that states as follows:

> "During a standard workday, each full-time hourly associate must take an unpaid meal break. Hourly associates must also take two (2) paid ten-minute breaks, one in the first half of the shift and one in the second half of the shift, or the equivalent throughout the day if the job permits. Designated breaks may vary depending on location and business need. Please check with you manager of Human Resources Business Partner regarding your work schedule." (See, Exhibit "A" Attached hereto)

Claimant is informed and believes that the warehouse employees are generally covered by Industrial Welfare Commission (IWC) Wage Order 5-2001 §§ 11 and 12 with regards to meal and rest periods. In pertinent part, IWC Wage Order 5-2001 §11 (Meal Periods) provides as follows:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

(C) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

(D) Notwithstanding any other provision of this order, employees in the health care industry who work shifts in excess of eight (8) total hours in a workday may voluntarily waive their right to one of their two meal periods. In order to be valid, any such waiver must be documented in a written agreement that is voluntarily signed by both the employee and the employer. The employee may revoke the waiver at any time by providing the employer at least one day's written notice. The employee shall be fully compensated for all working time, including any on-the-job meal period, while such a waiver is in effect.

In pertinent part, IWC Wage Order 5-2001 §11 (Meal Periods) provides as follows:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Based on information and belief, Claimant alleges that Defendants' meal and rest break policy, on its face, violates IWC Wage Order 5-2001, Cal. Code Regs., Title 8 § 11050 in the following respects: (1) the policy fails to provide that 30-minute meal periods before the end of the fifth hour of any qualifying shift; (2) the policy fails to "authorize or permit" ten-minute rest periods "every four (4) hours or major fraction thereof" as required by the Wage Order; (3) the rest periods to the extent provide by Defendants' policy is conditioned on "if the job permits"; (4) the policy on its fact fails to provide employees the right to take a Second Meal Period for qualifying shifts of 10 hours or more; (5) the policy fails to authorize or permit a Third Paid Rest Period of ten minutes in length for qualifying shifts of 10 hours or more. Defendants' policy and practice was not to provide Second Meal Periods to California-based hourly associates when required to do so. Similarly, Defendants' policy and practice was not to authorize or permit Third Rest Periods when required to do so. Further, Defendant policy, procedure and practice did not provide for one-hour of pay at employees' regular rate of pay as compensation for failing to provide required Second Meal Periods or Third Rest Periods for qualifying shifts. Based on information and belief, Defendants' policy is ongoing and continuous, and therefore, continues to result in lost wages and damages to California-based "hourly associates." Therefore, at the appropriate time, pursuant to B&P Code Section 17204, Plaintiff may seek declaratory and/or injunctive relief as primary means to prevent employee loss of wages through Defendants' collective conduct.

Defendant Joint Employers also uniformly and systematically violated Cal. Labor Code §226 for all of its California employees as to the Defendants' itemized wage statements. California Labor Code §226 states in pertinent part:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing...*(6) the inclusive dates of the period for which the employee is paid,... (8) the name and address of the legal entity that is the employer ...*

(e)(2)(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

   (i) the amount of gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)...

   (iii)  the name *and address* of the employer... [emphasis added].

Plaintiff is informed and believes that for the applicable limitations period for this action, Defendants, and each them, knowingly and intentionally violated Labor Code §226(a)(6) and (8) by systematically and uniformly failing to provide the inclusive start and end dates for pay periods an all of RAYA's wage statements during his employment with Defendants and by failing to list the proper name and an address for the Joint Employers.  Specifically, as is shown by Exhibit "B", attached to this Complaint (true and correct copies of redacted wage statements provided by Defendants to Plaintiff) no wage statement provides the pay period start date; rather, the only data provided is the pay "Period Ending" date and the corresponding pay date.  Further, also as shown on Exhibit B, the employer address is not shown on paystubs until April 2014, and prior to that date, no address was ever provided for the employer on the wage statement in violation of law. Finally, Plaintiff's counsel has searched the California Secretary of State records, and the entity listed on RAYA's wage statements "Golden State LLC" does not exist as an LLC registered to do business in the State of California.  Only thru additional investigation and search did Plaintiff discover that one of the Joint Employer's identities was in fact "Golden State FC LLC" believed to be a wholly owned subsidiary of AMAZON.COM LLC.  Indeed it took sorting through 12 pages of generic "Golden State" entities in order to locate the proper entity at the California Secretary of State website records. And, even after searching California Secretary of State records and locating the entity known as "Golden State FC LLC" there is no registered agent address listed *within* the State of California for service of process in the records for this Defendant. Thus, in all respects, Defendant Joint Employers violated California Labor Code §226(a)(6) and §226(a)(8).   Given that the information is required and was not, injury is presumed pursuant to California Labor Code §226(e)(2)(B)(i) [start and end date of pay period] and §226(e)(2)(B)(iii) [accurate employer name and address information].      Further, Defendant Joint Employer's failure to provide such information violates IWC Wage Order 5-2001, §7(B) as such data is required by the regulation to be included on wage statements.

   Claimant RAYA intends to seek damages and lost wages, and to assert a claim under Private Attorneys General Act ("PAGA") to recover penalties as provided by California law on behalf of the State of California and other aggrieved employees suffered lost premium wages and violations of Labor Code §§203, 226, 226.7 and 512, and other applicable laws and regulations.[1]

---

 [1]  Without limitation, if permitted, claimant will seek any and all penalties otherwise capable of being collected by the Commission based on the factual predicates identified by this letter. This includes, each of the following, as is set forth in Labor Code Section 2699.5, which states:

   The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4,

Respectfully submitted,
**LAW OFFICES OF SAHAG MARJARIAN II**

Sahag Marjarian II, Esq.

Enclosure: Draft Copy of Class Action Complaint

**Via Certified U.S. Mail With Return Receipt**

**California Labor and Workforce Development Agency**
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

| | |
|---|---|
| **AMAZON.COM, LLC**<br>c/o CSC - LAWYERS INCORPORATING<br>SERVICE<br>2730 Gateway Oaks Dr., Suite 100<br>Sacramento, CA 95833 | **AMAZON.COM, LLC**<br>**c/o Legal Department**<br>410 Terry Avenue, N<br>Seattle, Washington 98109 |
| **GOLDEN STATE FC, LLC**<br>c/o CSC - LAWYERS INCORPORATING<br>SERVICE<br>2730 Gateway Oaks Dr., Suite 100<br>Sacramento, CA 95833 | **GOLDEN STATE FC, LLC**<br>**c/o Legal Department**<br>410 Terry Avenue, N<br>Seattle, Washington 98109 |

---

230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

CASE NUMBER: CGC-15-544803  SANTIAGO RAYA VS. AMAZON.COM, LLC, A DELAWARE

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **AUG-19-2015** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.10.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court (if different from the address above):

☐  Notice of Intent to Appear by Telephone,  by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint        (Describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                    f. Fax number:
   e. E-mail address:                         g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

   b. **Referral to judicial arbitration or civil action mediation** (if available).

   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: _____

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

***Or, visit the court ADR website at www.sfsuperiorcourt.org***

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

Mediators work with parties to arrive at a mutually agreeable solution.  The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost**: BASF charges an administrative fee of $295 per party.  The hourly mediator fee beyond the first three hours will vary depending on the mediator selected.  Waivers of the administrative fee are available to those who qualify.  For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org  or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation.  Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties.  Parties may find mediators and organizations on the Internet.  The cost of private mediation will vary depending on the mediator selected.

## 3)  ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony.  The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration".  The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:**  Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.)  A case is ordered to arbitration after the Case Management Conference.  An arbitrator is chosen from the court's arbitration panel.  Arbitrations are generally held between 7 and 9 months after a complaint has been filed.  Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision.  Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:**  There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:**  Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration.  Here, the parties voluntarily consent to arbitration.  If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision.  In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT.  YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.

 

# Superior Court of California
## County of San Francisco

**HON. JOHN K. STEWART**
**PRESIDING JUDGE**

# Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR ADMINISTRATOR**

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (ja)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name  and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (*Name*): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |
|---|---|

**1)** **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF) -** Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party.  Waivers are available to those who qualify.  BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐ **Mediation Services of BASF -** Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party.  Mediation time beyond that is charged at the mediator's hourly rate.  Waivers of the administrative fee are available to those who qualify.  BASF assists parties with mediator selection, conflicts checks and full case management.  www.sfbar.org/mediation

☐ **Private Mediation -** Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration -** Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought.  The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program.  www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

**2)** **The parties agree that the ADR Process shall be completed by (date):** _____

**3)** **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| _____ | _____ |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  04/14                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter**. Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

**1) At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

**2) After a Trial Date has been Set**: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

**3) After Trial Assignment**: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Expedited Jury Trial Request
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____ v. _____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

---

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html*. The rules are at *www.courts.ca.gov/rules*.

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT–010–INFO, New January 1, 2011*