United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO RAYA, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, LLC, a Delaware Limited Liability Company, GOLDEN STATE FC, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. C 15-2005 MMC<br><br>**ORDER DENYING MOTION FOR REMAND** |

   Before the Court is plaintiff Santiago Raya's ("Raya") Motion to Remand, filed June 3, 2015. Defendants Amazon.com, LLC and Golden State FC, LLC (collectively, "Amazon") have filed opposition, to which Raya has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 17, 2015, and rules as follows.

## BACKGROUND

   On March 18, 2015, Raya filed his complaint in the Superior Court of the State of California for the City and County of San Francisco, alleging the following six causes of action against Amazon: (1) "Failure to Provide Second Meal Periods for Qualifying Shifts or

1  Compensation in Lieu Thereof in Violation of Cal. Lab. Code, § 226.7; IWC Order 5; Cal.
2  Code Regs., Title 8 § 11050" (see Notice of Removal, filed May 4, 2015, Ex. A
3  ("Complaint") ¶¶ 39-44); (2) "Failure to Authorize or Permit Third Paid Rest Periods for
4  Qualifying Shifts or Compensation in Lieu Thereof in Violation of Cal. Lab. Code, §§ 226.7,
5  512; IWC Order 5; Cal. Code Regs., Title 8 § 11050" (id. ¶¶ 46-50); (3) "Failure to Timely
6  Pay Wages of Terminated or Resigned Employees in Violation of Cal. Lab. Code,
7  §§ 201-203" (id. ¶¶ 52-57); (4) "Failure to Provide Employees with Compliant Itemized
8  Wage Statement Provisions in Violation of Cal. Lab. Code, §§ 226(a) & (e)" (id. ¶¶ 59-63);
9  (5) "Violation of the Unfair Competition Law" (id. ¶¶ 65-69); and (6) "Violation of PAGA, Cal.
10 Labor Code, § 2698, et seq." (id. ¶¶ 71-76).  The complaint does not allege an amount in
11 controversy.
12       On May 4, 2015, Amazon timely filed its Notice of Removal, contending "this court
13 has original subject matter jurisdiction under the Class Action Fairness Act of 2005
14 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists, there are at
15 least 100 putative class members, and the amount in controversy exceeds $5 million."
16 (See Notice of Removal at 1:6-8.)

## LEGAL STANDARD

18       Removal is proper under 28 U.S.C. § 1441 where the action is one over which
19 federal district courts have original jurisdiction.  See 28 U.S.C. § 1441(a).  "Section
20 1332(d), added by [the Class Action Fairness Act ("CAFA")], vests the district court with
21 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum
22 or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the
23 parties satisfy, among other requirements, minimal diversity."  Abrego Abrego v. The Dow
24 Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(d).)
25       The removing party bears the burden of establishing federal jurisdiction and "must
26 prove by a preponderance of the evidence that the amount in controversy requirement has
27 been met."  See Abrego, 443 F.3d at 682-83.  If the plaintiff contests the defendant's
28 allegation as to the amount in controversy, "both sides submit proof and the court decides,

1  by a preponderance of the evidence, whether the amount-in-controversy requirement has
2  been satisfied." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S. Ct. 547, 550
3  (2014).

**DISCUSSION**

By the instant motion, Raya contends Amazon has not met its burden of establishing federal jurisdiction is proper under CAFA.  In particular, Raya argues, the calculations made by Amazon in its Notice of Removal are "based on pure speculation" and an "improper assumption" (<u>see</u> Mot. at 1:21-24) as to the number of shifts encompassed by the proposed class period.  Raya's argument challenges the amounts calculated for the First (meal periods) and Second (rest periods) Causes of Action, as well as all "remaining claims," which, according to Raya, are "derivative" thereof.  (<u>See</u> Mot. at 1:7.)  As Amazon correctly points out, however, the Fourth Cause of Action (noncompliant wage statements) is not derivative of the First and Second Causes of Action, but, rather, alleges a separate violation based on an allegation that Amazon's wage statements did not incorporate (1) "the inclusive start and end dates for pay periods" and (2) "the proper name and address for the . . . [e]mployer[]."  (<u>See</u> Compl. at 19:26-28.)  Amazon argues that, irrespective of any sums it has attributed to the other causes of action, the amount attributable to the Fourth Cause of Action alone exceeds the jurisdictional threshold.  The Court agrees.

Raya's "wage statement" putative class consists of "[a]ll current and former employees (exempt or non-exempt) employed by [Amazon] in the State of California within the applicable limitations period who were provided [said noncompliant] wage statements." (<u>See</u> Compl. ¶ 19.)  Amazon has submitted evidence, undisputed by Raya, that during at least one of the years covered by the class period, specifically, the year March 18, 2014 to March 14, 2015, Amazon employed 9053 putative class members (<u>see</u> Declaration of Peter Nickerson in Supp. of Not. of Removal ("Nickerson Decl.") ¶ 7), who worked 138,196 pay periods (<u>see</u> <u>id.</u> ¶ 10), for which all wage statements were "identical in format" (<u>see</u> Declaration of Andrew Osborne in Supp. of Opp'n to Mot. to Remand ¶ 3).

Using those figures, Amazon applied to each covered employee the $50 statutory

3

penalty for the first violation, see Cal. Labor Code § 226(e)(1), and $100 for each subsequent violation up to the maximum statutorily allowed penalty of $4000,[1] see id., resulting in penalties in the total amount of $13,366,950.[2] Specifically, as set forth in the Notice of Removal, the amount attributable to the first 9053 violations is $452,650 (9053 paychecks x $50 = $452,650) and the amount attributable to each violation thereafter is $12,914,300 (129,143 (138,196 - 9053) paychecks x $100 = $12,914,300), which sums together total $13,366,950.

The Court finds Amazon's calculation of potential monetary penalties under the Fourth Cause of Action is reasonable and that Amazon has met its burden of demonstrating an amount in controversy greater than $5 million.

Accordingly, the motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2015

MAXINE M. CHESNEY
United States District Judge

---

[1] As the employees are paid on a "biweekly" basis (see Nickerson Decl. ¶ 4), no employee could have reached the $4000 maximum in the cited year, as there would be fewer than 40 paychecks issued to any individual employee in that period.

[2] Although Amazon notes that it modified its wage statements on February 27, 2015, to correct the employer's name and address, no revision of the above calculation is necessary based thereon, as such modification goes to only one of the two alleged deficiencies.

4