IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO RAYA, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, LLC, a Delaware Limited Liability Company, GOLDEN STATE FC, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants.<br>_____/ | No. C 15-2005 MMC<br><br>**ORDER DENYING MOTION TO DISMISS OR STAY** |

　　　　Before the Court is the Motion to Dismiss or Stay, filed June 8, 2015, by defendants Amazon.com, LLC and Golden State FC, LLC (collectively, "Amazon"), in which Amazon seeks an order "dismissing or staying th[e] action under the first-to-file rule." (See Notice of Mot. at 1:5-6.) Plaintiff Santiago Raya ("Raya") has filed opposition. No reply has been filed. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 17, 2015, and rules as follows.

**BACKGROUND**

　　　　On March 18, 2015, Raya filed the instant complaint, alleging Amazon's California hourly non-exempt employees in its warehouse operations were "(1) not provided Second

1  Unpaid 30-minute Meal Periods for qualifying shifts exceeding 12 hours in length nor paid
2  one hour of compensation at the employees' regular rate in lieu thereof; (2) not provided
3  Third Paid 10-minute Rest Periods for qualifying shifts exceeding 10 hours in length nor
4  paid one hour of compensation at the employees' regular rate in lieu thereof; and (3) not
5  provided with compliant wage statements showing the start and end dates of each pay
6  period, nor the address of the employers as required by Cal. Labor Code section 226."
7  (See Notice of Removal, filed May 4, 2015, Ex. A ("Compl.") ¶ 1.)
8      Those allegations provide the basis of Raya's six causes of action: (1) "Failure to
9  Provide Second Meal Periods for Qualifying Shifts or Compensation in Lieu Thereof in
10 Violation of Cal. Lab. Code, § 226.7; IWC Order 5; Cal. Code Regs., Title 8 § 11050" (see
11 id. ¶¶ 39-44); (2) "Failure to Authorize or Permit Third Paid Rest Periods for Qualifying
12 Shifts or Compensation in Lieu Thereof in Violation of Cal. Lab. Code, §§ 226.7, 512; IWC
13 Order 5; Cal. Code Regs., Title 8 § 11050" (id. ¶¶ 46-50); (3) "Failure to Timely Pay Wages
14 of Terminated or Resigned Employees in Violation of Cal. Lab. Code, §§ 201-203" (id.
15 ¶¶ 52-57); (4) "Failure to Provide Employees with Compliant Itemized Wage Statement
16 Provisions in Violation of Cal. Lab. Code, §§ 226 (a) &(e)" (id. ¶¶ 59-63); (5) "Violation of
17 the Unfair Competition Law" (id. ¶¶ 65-69); and (6) "Violation of PAGA, Cal. Labor Code, §
18 2698, et seq." (id. ¶¶ 71-76).

## LEGAL STANDARD

20     The first-to-file rule is "a generally recognized doctrine of federal comity which
21 permits a district court to decline jurisdiction over an action when a complaint involving the
22 same parties and issues has already been filed in another district." Pacesetter Sys, Inc. v.
23 Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). "The first-to-file rule is intended to serve
24 the purpose of promoting efficiency," Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi,
25 Inc., ––– F.3d –––, –––, 2015 WL 3499923, at *2 (9th Cir. June 4, 2015) (internal
26 quotation and citation omitted) and when applying the rule, "courts should be driven to
27 maximize economy, consistency, and comity," id. (internal quotation and citation omitted).
28 District courts analyze three factors in determining whether to apply the first-to-file rule:

"chronology of the lawsuits, similarity of the parties, and similarity of the issues." Id.

## DISCUSSION

Amazon brings this motion on the ground that a case currently pending in Multi-District Litigation in the Western District of Kentucky, Saldana, et al. v. Amazon, Inc., et al., Case No. 3:14-cv-00290, was filed December 19, 2013, almost fifteen months before the filing of the instant action, and, according to Amazon, meets the rule's similarity requirements.

In Saldana, the operative complaint alleges Amazon maintained a "company practice that requires employees to be subject to individual security searches on [Amazon's] premises after the employees clock out for meal periods and at the end of the day when employees clock out for the end of their shifts," which practice allegedly "results in up to 20-30 minutes, or more, of additional compensable work each day because the employees remain under the direct control of [Amazon]." (See Amazon's Req. for Judicial Notice, filed June 8, 2015, Ex. B to Ex. 1 ("Saldana Amended Complaint") ¶ 1.) This search requirement forms the basis for each of Saldana's eight causes of action: (1) "Failure to Pay Hourly Wages, alternatively Minimum Wages" (id. ¶¶ 39-44); (2) "Failure to Pay Overtime Wages" (id. ¶¶ 45-48); (3) "Failure to Provide Meal Periods or Compensation in Lieu Thereof" (id. ¶¶ 49-52); (4) "Failure to Provide Rest Periods or Compensation in Lieu Thereof" (id. ¶¶ 53-56); (5) "Failure to Timely Pay Wages Due at Termination" (id. ¶¶ 57-62); (6) "Failure to Provide Itemized Employee Wage Statements" (id. ¶¶ 63-65); (7) "Violation of the Unfair Competition Law" (id. ¶¶ 66-71); and (8) "Violation of the Private Attorneys' General Act of 2004 ('PAGA')" (id. ¶¶ 72-75).

Raya does not dispute the first two factors, i.e., that the Saldana action was filed first and that the parties in both actions are similar. As to the third factor, Raya, while acknowledging the statutory predicates are similar, contends the issues are not similar because the factual predicates are different. The Court agrees.

As described above, Saldana is premised on Amazon's alleged failure to pay and provide meal and rest periods for the time employees spent waiting in security lines,

whereas the instant action is based on Amazon's alleged failure to provide a sufficient number of meal and rest periods for assigned shifts[1] and Amazon's alleged failure to issue paychecks listing the start and end dates for the pay period and correctly identifying the employer. The Court acknowledges that "the issues in both cases . . . need not be identical, only substantially similar," see Kohn, 2015 WL 3499923, at *3, and Amazon cites to various district court opinions in which substantial similarity has been found. See, e.g., Inherent v. Martindale-Hubbell, 420 F. Supp. 2d, 1093, 1099 (N.D. Cal. 2006) (transferring action where "key dispute in both actions" was whether letter of interest gave rise to a binding contract, and if so, whether breach occurred); Walker v. Progressive Casualty Ins. Co., 2003 WL 21056704, at *2 (W.D. Wash. May 9, 2003) (finding "slight differences in the claims asserted do not prevent application of the rule where the underlying complained-of conduct is almost identical"; dismissing later-filed action where "issue in both cases [was] whether [defendant's] claims adjusters [were] employed in a bona fide administrative capacity and [were] therefore exempt from overtime pay"). Here, however, in contrast to the cases on which Amazon relies, the issues raised in Saldana and the instant action are, as set forth above, substantially dissimilar.

Accordingly, Amazon's motion to dismiss or stay the instant action is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 1, 2015

MAXINE M. CHESNEY
United States District Judge

---

[1] The complaint in the instant action contains no reference to time spent waiting in security lines and, to the extent any further clarification might be deemed necessary, Raya, in his opposition to the instant motion, confirms his claims here have "nothing to do with security lines." (See Opp'n at 3:2-3.)