**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

| | |
|---|---|
| SANTIAGO RAYA on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, LLC, a Delaware Limited Liability Company; GOLDEN STATE FC, LLC, a Delaware Limited Liability Company and, DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO. 15-CV-02005 MMC**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT**<br><br>Date:        February 3, 2017<br>Time:       9:00 a.m.<br>Ctrm:       7, 19th Floor<br>Judge:     Hon. Maxine M. Chesney<br><br>Filed:       March 18, 2015<br>Trial date:  None set |

1. This matter came on for hearing on February 3, 2017 at 9:00 a.m., in Courtroom 7 of the above-captioned Court on Plaintiff's Motion for Order Granting Final Approval of Class Action Settlement and Entering Judgment pursuant to this Court's Order Granting Preliminary Approval of Class Action Settlement filed September 27, 2016 [Dkt. 85, 86] and the Amended Joint Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement") [Dkt. 84-1]. In accordance with the Preliminary Approval Order, Class Members were given notice of the terms of the Settlement, the opportunity to submit a Claim Form to receive a Settlement Payment, and the opportunity to comment on, request to be excluded from, or object to the Settlement or any of its terms. Having received and considered the proposed Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Order Granting Preliminary Approval of Class Action Settlement [Dkt. 69] and the Motion for Order Granting Final Approval [Dkt. 88], the Court grants final approval of the Settlement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, a Notice of Class Action Settlement, Claim Form, and pre-printed postage paid return envelope ("Class Notice") were mailed to each member of the Class by first-class U.S. Mail on October 7, 2016. The Notice informed the Class of the terms of the Settlement, of their right to receive their proportional share of the Settlement with the return of a claim form, of their right to comment on, request to be excluded from, or object to the Settlement, and of their right to appear in person or by counsel at the time of the Final Approval hearing to be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

2. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the response of the Class. The Court finds and determines that the Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

3. To avoid confusion in the future concerning the scope of released claims, the Court, with approval of the parties, clarifies the definition of Class Member Released Claims to read

as follows:

> Any and all claims or causes of action under any theory whatsoever, known or unknown, that arise out of or that could have arisen out of, the facts, transactions, occurrences, representations, or omissions set forth in the Complaint or the PAGA Letter, as related to claims that existed at the time of execution of the Settlement, including: Any and all claims or causes of action under any theory whatsoever to the extent that such claims arise out of (1) Amazon's alleged failure to provide accurate itemized wage statements under Labor Code §§ 226 and 1174 and IWC Wage Order 7; and (2) penalties and fees under the Private Attorneys General Act ("PAGA") for any of the above alleged violations of the Labor Code. With regard to the Class Member Released Claims only, Class Members shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits they may otherwise have had relating to the Class Member Released Claims. All Class Members shall be bound by this release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally opted-out of the Settlement.

4. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5. The Court also finds that the forty-nine individuals who have excluded themselves from the Settlement through a written Request for Exclusion and whose names are set forth in Exhibit A to this Order will not be bound by any of the provisions of the Settlement.

6. With respect to the Class and for purposes of approving this Settlement only, this Court finds and concludes that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Action; (c) the claims of Class Representative, Plaintiff Santiago Raya are typical of the claims of the members of the Class; (d) the Class Representative has fairly and adequately protected the interests of the members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, is qualified to serve as counsel for Plaintiff in his individual and representative capacity for the Class.

7. The Court certifies the Class, defined as follows: "All current and former employees of Golden State FC, LLC employed in a Warehouse Associate position within the State of California from March 18, 2014 through and including August 5, 2016."

8. The Court hereby approves Cohelan, Khoury & Singer, and the Law Office of Sahag Majarian, II as Class Counsel.

9. The Court hereby approves Plaintiff Santiago Raya as the Class Representative in this action.

10. The Court finds and determines the Settlement Payments to be paid to Participating Class Members (those who returned timely and valid Claim Forms), as provided for by the Settlement, are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be made to such Participating Class Members in accordance with the terms of the Settlement.

11. The Court finds and determines that the payment to be paid to the California Labor and Workforce Development Agency to satisfy the alleged violation of Labor Code § 226 pursuant to the California Labor Code's Private Attorneys General Act of 2004 ("PAGA") in the sum of $10,000 (75% of $13,333) is fair and reasonable. The Court hereby grants final approval and orders the payment to Labor and Workforce Development Agency in accordance with the terms of the Settlement Agreement.

12. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the sum of $150,000 and reimbursement of their litigation costs in the sum of $9,259.29. The Court finds and determines that such amounts are fair and reasonable and orders the Claims Administrator to make these payments in accordance with the terms of the Settlement Agreement.

13. The Court approves a Class Representative Service Payment in the sum of $5,000 to Plaintiff Santiago Raya for his initiation of this action, work performed, the risks undertaken for the payment of costs had this case had an unfavorable outcome, general release, and for the benefits to be received by Participating Class Members as a result of his efforts.

14. The Court further approves payment of the fees and costs of the appointed

3

Claims Administrator, Rust Consulting, Inc., of $84,760.71 for services rendered and to be rendered in connection with the completion of its administrative duties pursuant to the Settlement.

15. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

16. Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order.

17. The Parties are hereby ordered to comply with the terms of the Settlement.

18. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Order.

19. The Court hereby enters final judgment in this case in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement, and this Order. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated:  February 15, 2017

The Honorable Maxine M. Chesney
Judge of the United States District Court
For the Northern District of California,
San Francisco Division